IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No.  ELH-16-1046 |
| AIRPORT HOSPITALITY, LLC, *et. al.*, | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM**

This Memorandum Opinion[1] addresses the Complaint for Judgment by Confession ("Complaint") (ECF No. ) filed by Plaintiff Choice Hotels International, Inc. ("Choice") against Defendants Airport Hospitality, LLC ("Airport"), Prashant B. Patel, Kirit Patel, Dipak Patel, Shailesh Patel, and Kaushik "Ken" Talati (collectively, "Defendants"). For the reasons stated herein, I direct that the Clerk of the Court enter judgment by confession against Defendants.

Local Rule 108.1 ("Judgment by Confession") provides:

> A complaint requesting the entry of judgment by confession shall be filed by the plaintiff accompanied by the written instrument authorizing the confession of judgment and entitling the plaintiff to a claim for liquidated damages and supported by an affidavit made by the plaintiff or someone on that party's behalf stating the specific circumstances of the defendant's execution of said instrument and including, where known, the age and education of the defendant, and further including the amount due thereunder, and the post office address (including street address if needed to effect mail delivery) of the defendant.

Loc. R. 108.1.a.

---

[1] On April 14, 2016, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States Court for the District of Maryland, Judge Ellen L. Hollander referred this case to Magistrate Judge A. David Copperthite for the purpose of reviewing Plaintiff's Complaint for Judgment by Confession. ECF No. 2.

1

> Upon review of the documents required to be submitted by Local Rule 108.1, the Court may direct the entry of judgment upon a finding that the aforesaid documents prima facie establish (1) a voluntary, knowing, and intelligent waiver by the defendant of the right to notice and a prejudgment hearing on the merits of the claim of the plaintiff for liquidated damages and (2) a meritorious claim of the plaintiff for liquidated damages against the defendant.

Loc. R. 108.1.b.

Here, Choice attached to its Complaint a Settlement and Release Agreement ("the Settlement Agreement") (ECF No. 1-1) and a Promissory Note in the amount of $331,790.00 ("the Note") (ECF No. 1-2). Both the Settlement Agreement and the Note are signed by Defendants Prashant B. Patel, Kirit Patel, Dipak Patel, Shailesh Patel, and Ken Talati, both individually and as members of Airport.

According to the terms of the Settlement Agreement, Choice waived its claim against Defendants for liquidated damages owed to Choice by Defendants due to the premature termination of an initial franchise agreement between the parties in exchange for Defendants promise to (1) pay Choice $24,000.00 in accordance with the schedule set forth in the Settlement Agreement; (2) execute a first new franchise agreement ("First New Franchise Agreement") and a second new franchise agreement ("Second New Franchise Agreement") with Choice; and (3) begin to rent sleeping rooms to the public at the Econo Lodge hotel ("First New Hotel") and the Rodeway Inn hotel ("Second New Hotel") by March 31, 2015 pursuant to the First New Franchise Agreement and Second New Franchise Agreement made with Choice, respectively. *See* ECF No. 1-1 at 1.

Under the terms of the Note, the entire principal balance of the Note "shall be waived and forgiven" if "no default occurs under the Settlement and Release Agreement or this Note before

or on the Maturity Date." ECF No. 1-2 at 1. In the event of a default, however, the Note provides that:

> [T]he undersigned hereby irrevocably authorizes any attorney at law to appear for them in any court of record at any time after the Agreed Amount remains unpaid and to **confess a judgment against Makers**, without process, in favor of the Holder of this Note, in the principal sum of three hundred thirty-one thousand, seven hundred ninety dollars and 00/100 ($331,790.00), less any payments, together with interest of ten percent (10%) per annum from default until paid, costs, and, if not prohibited by law, fifteen percent (15%) of the unpaid principal and interest of this Note as an attorney's fee, and to waive and release all errors that may intervene in any such proceedings.

*Id* (emphasis added). The Note further provides that:

> The occurrence of one or more of the following events constitute a default under this Note: (1) if any installment due under paragraph 2 of the Settlement and Release Agreement remains unpaid ten (10) days after its due date; or (2) the Makers fail to execute the First New Agreement for the First New Hotel by March 31, 2014; or (3) the Makers fail to begin renting sleeping rooms to the public at the First New Hotel in accordance with the terms of the First New Agreement; or (4) the Makers fail to execute the Second New Agreement for the Second New Hotel by March 31, 2014; or (5) the Makers fail to begin renting sleeping rooms to the public at the Second New Hotel in accordance with the terms of the Second New Agreement.

*Id.*

In addition to the Settlement Agreement and the Note, Choice has also attached the Affidavit of Gery F. Brown, Director of Credit for Choice ("the Affidavit") (ECF No. 1-11), which certifies the truth and accuracy of the Complaint, authenticates the exhibits attached to the Complaint (the Settlement Agreement and the Note), and details the principal and outstanding balance due and owed under the Note, including accrued interest and attorney's fees. *See* ECF No. 1-11 at 1-2. The Affidavit also states the age and profession of each individually named Defendant. *See* ECF No. 1-11 at 2. ("Upon information and belief, defendant Prashant Patel is a 55-year-old businessman who was competent at the time those agreements were entered into.").

Finally, the Affidavit includes the post office address of Airport and each individually named Defendant.

Upon review of the document exhibits attached to Plaintiff's Complaint, the Court finds that the Note constitutes a "written instrument authorizing the confession of judgment and entitling the plaintiff to a claim for liquidated damages." *See supra* Loc. R. 108.1.a. The Court additionally finds that the Complaint is "supported by an affidavit made by the plaintiff or someone on that party's behalf stating the specific circumstances of the defendant's execution of said instrument and including, where known, the age and education of the defendant, and further including the amount due thereunder, and the post office address (including street address if needed to effect mail delivery) of the defendant." *Id.*

Furthermore, having reviewed all of the documents submitted by Choice in their entirety, including the Settlement Agreement, the Note, and the Affidavit, the Court finds that the aforesaid documents "prima facie establish a voluntary, knowing, and intelligent waiver by the defendant of the right to notice and a prejudgment hearing on the merits of the claim of the plaintiff for liquidated damages" and that the Plaintiff has established "a meritorious claim (. . .) for liquidated damages against the defendant." *See supra* Loc. R. 108.1.b.

In accordance with the terms of the Settlement Agreement and the Note, Defendants paid $24,000.00 to Choice and executed the First New Franchise Agreement and Second New Franchise Agreement. However, Defendants failed to open the Second New Hotel (Rodeway Inn) by March 31, 2015. Defendant's failure to open the Second New Hotel by March 31, 2015 is an event of default under the Note. The Note executed by Defendants contains a default provision which provides for payment of the principal amount of $331,790.00, less any payments, plus interest from the date of default at the rate of ten percent (10%) per annum on the

unpaid balance, along with fifteen percent (15%) of the principal and interest then due on the Note as an attorney's fee.

In summation, the Court finds that Plaintiff's Complaint and the incorporated exhibits prima facie establish that: (1) Defendants voluntarily, knowingly, and intelligently waived the right to notice and a prejudgment hearing on the merits in Plaintiff's claim for liquidated damages; and (2) Plaintiff has a meritorious claim for liquidated damages against the Defendants. The Affidavit provides that, as of April 7, 2016, the amount of unpaid principal remaining due on the Note is $307,790.00, which is the sum of the total principal amount of $331,790.00 less the $24,000.00 previously paid to Choice as part of the Settlement Agreement. Therefore, I direct the clerk to enter the confessed judgment against Defendants, jointly and severally, in the amount of $307,790.00, plus interest at the rate of 10% per annum from March 31, 2015 through March 31, 2016 in the amount of $30,779.00, plus additional interest at the rate of 10% per annum from March 31, 2016 until paid, along with attorney's fees equal to 15% of the unpaid principal and interest in the amount of $50,785.35.

I further direct the Clerk to ensure that notice of entry is provided to the Defendants at the addresses listed below:

Airport Hospitality, LLC
c/o Prashant Patel (Member)
15146 Sapling Ridge Dr.
Dayton, MD 21036

Prashant Patel
15146 Sapling Ridge Dr.
Dayton, MD 21036

Kirit Patel
1211 Bluebird Ct. W.
Bel Air, MD 21015

Dipak Patel
1117 Thebes Dr.
Bel Air, MD 21015

Shailesh Patel
3 Woodlake Ct.
Medford, NJ 08055

Kaushik "Ken" Talati
1025 Hoods Mill Rd.
Cooksville, MD 21723

An implementing Order will follow.

Date: May 9, 2016

A. David Copperthite
United States Magistrate Judge